UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID ELIJAH BOWERS, JR.,

    Plaintiff,

  v.                                                                Case No. 21-CV-749

WISCONSIN DEPARTMENT OF
MILITARY AFFAIRS, et al.,

    Defendants.

## REPORT AND RECOMMENDATION SCREENING COMPLAINT

On June 17, 2021, David E. Bowers, Jr. filed a *pro se* complaint against the Wisconsin Department of Military Affairs, Governor Tony Evers, and Major General Paul E. Knapp. (Docket # 1.) Bowers alleges that the defendants engaged in a civil conspiracy pursuant to 42 U.S.C. § 1985 and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, to deprive him of the "necessities of life," to charge him excessive fees and fines on banking transactions, and to steal his identity to engage in THC trafficking. (*Id.*) Bowers has paid the filing fee. However, because I find that Bowers' complaint fails to state a claim on which relief may be granted, I recommend that the complaint be dismissed without prejudice.[1]

## ANALYSIS

District courts have the authority to "screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake,* 196 F.3d 778 (7th Cir. 1999);

---

[1] Because the defendants have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the plaintiff's complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

*see also* 28 U.S.C. § 1915(e)(2). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a case at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. The standard for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See De Walt v. Carter,* 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. A complaint should be dismissed if it fails to include sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

Bowers alleges that in August 2020, he was promoted by the Social Security Administration to the Ticket to Work program to the position of Warrant Officer 1 and received a bi-weekly payroll salary as set forth in the Medicare 2020 Federal Employee Health Benefits. (Docket # 1 at 1.) He alleges that Governor Evers operated an "Organized Criminal Control Act" to elude military funding on necessities to life. (*Id.*) Bowers' remaining allegations are not entirely clear, however, it appears that he alleges Governor Evers and defendant Paul Knapp "staged illegal ATM machines denying access to Navy Federal Credit Union credit cards and membership" and charged him excessive fees and fines (*id.* at 3–4) and that some unknown person used an Assurance Wireless government phone Bowers was provided to track job opportunities to steal his identity and traffic in THC (*id.* at 5).

To determine whether Bowers has failed to state a claim, I must give his *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, even liberally construing his complaint, I do not find that Bowers has stated any cognizable claims. Thus, I recommend the complaint be dismissed.

**NOW, THEREFORE, IT IS RECOMMENDED** that this action be **DISMISSED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 22nd day of June, 2021.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge